IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

'14 — CV — 02785

Civil Action No: _____

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2014 OCT 10 AM 11: 32

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

<u>Silveyra Estate,</u>         :
a/k/a Alex Silveyra, sui juris
a/k/a President, CEO

    Plaintiff,         :

                                           :

v.

                                           :

Apple American Group, LLC., et al ,
Daymon Interactions et al

    Defendant's.         :

---

## COMPLAINT

**The plaintiff, Alex Silveyra, president, with full, all, and equal contract rights operating for the Silveyra Estate in this complaint against defendant's does herein state,**

### FIRST PHASE

1. The plaintiff, against Apple American Group, has standing arising from a contract and a breach therefrom, including, but limited to, non-payment for performance from a second contract, fraud, and false charges, of which all has been defaulted. The first contract is an expressed oral contract and the second is an expressed written contract; of which the first was breached and the second We seek remedy for performance' rendered. (for more detail, Ex.: C)

2. This claim is brought here forth with standing from contracting and agency principles, governing commercial relations between: legal entities, corporations, and agents; and agreements therefrom. Supported by offer and acceptance of mutual assent that resulted in performance and the receivership/retention thereof.

3. Along with the contract remedies the plaintiff seeks remedy for false written libel' damages of character, honor, reputation, responsibility, and injures in the business.

4. Apple American group, the defendant hereinafter, fraudulently misrepresented material facts to induce consent, which it knew would never uphold in the worst; and consciously ignored damaging the plaintiff in the least.

## SECOND PHASE

1. While the plaintiff was employed with the defendant, an agents also working under the scope of the defendant; threatened the plaintiff's life with physical and mortal repercussions from a relative with fire arms. (for more detail

2. Later, the plaintiff trying to resolve the matter and in-fear for his well-being approached the agent for the defendant, but she was inconsolable and enraged; the attempt led into a verbal altercation which then resulted in the plaintiff being wrongfully suspended then terminated.

## INTERACTIONS

Daymon Interactions is added as a party to this complaint/case based on the same operative facts as those involving Apple American Group. The same facts are that the plaintiff was fraudulently induced into contracting with Interactions; based on a misrepresentation of material facts, that subsequently also resulted in said company breaching 2 expressed written contract.

## REQUEST FOR RELIEF

### Actual Damages

The full actual damages to the plaintiff from AAG is in the amount of $1,389,948.42, in part by way of default judgment (Ex.: B), which is the result of contract breaches, and performance orders, some forced, *inter alia,* arising from complete and total dishonor, fraud, and negligence of the defendant.

They are based on 2 contracts the plaintiff has with the defendant, plus 2 false charge instruments. And, the threat of life with the wrongful suspension is corroborated from 1st hand witness knowledge and testimony, which includes the plaintiff.

**Interactions** – The total damages and relief is in the amount of $256,368.00.

## PUNITIVE DAMAGES

The plaintiff is asking the jury for any relief in the form of any punitive damages, based from the defendants' clear and intentional actions to mislead the plaintiff and not honor the material facts. Also including, any punitive damages based on the defendants' clear acts of dishonor, bad faith, and lack of duty, as to deter from any future employer wrongdoings.

## JURISDICTION

The plaintiff, Silveyra Estate, is an autonomous legal entity operating under/with full commercial liability, and all vested and reserved rights therein, with its principle place of business in North America (which does not include, in any manner, the political bodies of: "Canada", "Mexico", and/or the "United States"), with a communications point at 15,800 E. 13TH Pl #23, Aurora, Colorado (for more detail, Ex.: C). Apple American Group, LLC is a limited liability company formed in 2001 under the laws of the State of Delaware. AAG's principle place of business is located at 6200 Oak Tree Boulevard, Suite 250, Independence, Ohio 44131. Daymon Interactions is a Daymon World Wide company, with its principle place of business at 9555 Chesapeake Drive, Suite 100, San Diego, CA 92123.

This complaint suffices the controversy amount requirement of $75,000 for a diversity jurisdiction case.

## MOTION FOR JUDGMENT & JURY TRIAL

The plaintiff motions for judgment on the first phase and demands the second phase of this complaint and all issues be adjudicated in a trail by a jury of peers.

I (plaintiff), hereby state and affirm that every claim, fact, and subject-matter stated in this complaint is completely honest and true to the best of my knowledge and recollection.

Date 10/10/14          *Alex Silveyra*

Alex Silveyra – *sui juris*
President – Silveyra Estate

# EXHIBITS

# EXHIBIT A

**SILVEYRA ESTATE**
15800 E. 13TH PL. #23
Aurora, Colorado

6/25/2014
16485 E 40th Cir
Aurora, CO 80011

## NOTICE OF DAMAGES DUE

To whom it may concern,

The enclosed damage statement is for a numerous amounts of violations and breach of contract & agreement on behalf of, Apple American Group, LLC and its agents, to, JOSE A. SILVEYRA-ESTRADA. You have 15 days to pay, arrange/settle for payment, or face default and subsequent legal/lawful action. Feel free to reply to this notice for a full accounting and/or cause of action, failure to do so, in the prescribed allotted time, will also result in tacit acquiescence & default. As previously stated in the letter on 6/22/14, "**If next week's schedule is discriminatorily unequal or unreasonably accommodating, it will constitute further damages and lawful tort will be defaulted**", of which further damages will be added, plus interest and penalties. We reserve the right to add or subtract any damages at any time. We will use any legal/lawful or private remedy that is needed to collect!

*Sincerely,*

s/Alex Silveyra

Alex Silveyra
President, CEO
SILVEYRA ESTATE



# EXHIBIT A-1

Date: 6/25/2014
Statement # 696

SILVEYRA ESTATES
15800 E. 13TH PL APT#23
Aurora, Colorado
303-557-0766
alexsilveyra@comcast.net

Apple American Group, LLC
16485 E 40th Cir
Aurora, CO 80011
(303) 371-4114

| Date | Description | Balance | Amount |
|---|---|---|---|
| 6/22/2014 | Negligence --- General | ---- | 1,000.00 |
| | Breach of Contract | | 814.00 |
| | Breach of Sub-Agreement | | 40.00 |
| | Mental Hardship | | 500.00 |
| | Physical Hardship (Time) | | 1,000.00 |

| Current | 1-30 Days Past Due | 31-60 Days Past Due | 61-90 Days Past Due | Over 90 Days Past Due | Amount Due |
|---|---|---|---|---|---|
| $3,354.00 | | | | | $3,354.00 |

Remittance

Statement #   696
Date   6/25/2014
Amount Due   $3,354.00
Amount Enclosed

Make all checks payable to Cash

**Thank you for your business!**



# EXHIBIT B

**SILVEYRA ESTATE**
15800 E. 13TH PL. #23
Aurora, Colorado

7/9/2014
16485 E 40th Cir
Aurora, CO 80011
(303) 371-4114

## NOTICE OF DEFAULT

This is a notification from SILVEYRA ESTATE, informing Apple American Group LLC,. that Your tacit acquiescence has resulted in a Default of our claim and all subsequent charges therefrom are now in total agreement, and of the facts. Additionally with those charges in the amount of $ 3,354.00, the following week of, June 29-July 5, 2014, also resulted in a breach: so additional charges will be added, with the agreed upon penalties and interest, and the cost for any acts of performance (other than due process and original contract). Along with this notice you will also be receiving a statement of claim (draft, improvements and final version will also be mailed out), to be filed, in federal district court as soon as possible. This notice is also to inform you that we are presently working and pursuing a different case and party. But will pursue the statement of claim, you just received, posthaste on the completion of that other trail, or any time we so choose. We, as always, are looking to negotiate and settle accounts as soon as possible, you have any time from now (June or until we move with civil prosecution to do so. As always, we reserve the right to add or subtract any charges at any time, and/or parties.

*Sincerely,*

*Alex Silveyra*

Alex Silveyra
President, CEO
SILVEYRA ESTATE



# EXHIBIT B-1

Date: 7/20/2014
Statement # 969

SILVEYRA ESTATES
15800 E. 13TH PL APT#23
Aurora, Colorado
303-557-0766
alexsilveyra@comcast.net

Apple American Group, LLC
16485 E 40th Cir
Aurora, CO 80011
(303) 371-4114

| Date | Description | Balance | Amount |
|---|---|---|---|
| 6/22/2014 | Previous Statement of Charges (Defaulted) | $3,354.00 | 3,354.00 |
| | Penalties-(15%) | | 503.10 |
| | Interest-(33%) | | 1,106.82 |
| 6/29/2014 | Negligence --- General | | 4,000.00 |
| | Breach of Contract | | 3,256.00 |
| | Breach of Sub-Agreement | | 90.00 |
| | Mental Hardship | | 2,000.00 |
| | Physical Hardship (Time) | | 4,000.00 |
| | Fraud | | 50,000.00 |
| 07/05/2014 | Performance | | 150,000.00 |
| | False Charge | | 25,000.00 |
| | False Charge | | 25,000.00 |
| 07/12/2014 | Forced Performance | | 150,000.00 |
| 07/19/2014 | Unsafe Working Conditions | | 250,000.00 |
| | Performance | | 150,000.00 |
| | Wrongful Suspension | | 50,000.00 |

| Current | 1-30 Days Past Due | 31-60 Days Past Due | 61-90 Days Past Due | Over 90 Days Past Due | Amount Due |
|---|---|---|---|---|---|
| 864,955.92 | 3,354.00 | - | - | - | $868,309.92 |

Remittance

| | |
|---|---|
| Statement # | 969 |
| Date | July 20, 2014 |
| Amount Due | $868,309.92 |
| Amount Enclosed | |

Make all checks payable to [Your Company Name]

*Ne conjugare nobiscum*                        **Thank you for your business!**

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Silveyra Estate,  :
a/k/a Alex Silveyra, sui juris
a/k/a, President, CEO

Plaintiff,  :

 :

vs.

 :   CIVIL ACTION NO.

Apple American Group, LLC., et al.
Daymon Interactions et al

Defendant's  :

---

## STATEMENT OF CLAIM

---

I, Alex Silverya, with all vested powers and rights under God, hereby convene a court of Inherent Jurisdiction, in this court, with all the rights vested thereof. And duly swear, *asseverate*, that everything in this document and said in this court of record is the whole truth to the best of my comprehension, so help me God.

## JURISDICTION

1. "Alex Silveyra" et al. (The plaintiff or I, hereinafter) is an American natural person, a living breathing man, born on the land mass named "North America", which only establishes location of birth and pre-age-of-maturity jurisdiction.

2. The plaintiff having left the location of birth (by right), at the wish of his parent, 2 yrs. after his birth and now an adult man, with full liability, has no *bona fide* contracts in-place with any public or private country or nation.

3. The plaintiff operates, *sui juris*, the commercial sea waters with his rightful vessel "Silveyra Estate" et al. with complete commercial freedom and equality unconditionally.

4. The plaintiff has no political affiliation, C(c)itizenship, subject to, contract with, and/or allegiance, of any kind, to any Man made legal or corporate body-politic on Earth, and is Its own Nation and body-politic.

5. The plaintiff is non-statutory, *non leges scriptae*, to any public/private agencies of the U.S. or sub-divisional "state of" in any capacity, or any other entity, nation, political jurisdiction/body on Earth.

6. The plaintiff is not a 14th Amendment U.S. Citizen or any type of sub-agent or resident to any sub-divisional "state of" therefrom/in the "United States".

7. The Plaintiff is in the capacity of President at all times in commerce, but not limited to.

8. The plaintiff has absolutely no insurance policy of any kind with any party, natural or artificial person/s, state, country, nation, political jurisdiction, political body, etc.

9. The plaintiff holds his own inherent jurisdiction, at any and all times, without prejudice and only gives the court the ability to hear the facts and make a fair and honest ruling on those facts. Reserving the right at any time to retreat that consent or to add additional.

## STATEMENT OF FACTS

### SUMMARY/SYLLABUS

The plaintiff, operating under full commercial liability, contracted with the defendant in January of 2014 for an amount of $9.25 hr. part-time, of which the plaintiff was to perform "Hosting" duties. So then, the contract is very simple and concise to follow: $9.25 part-time (20-25 hr. wk.) to "Host". The defendant breached this whole contract on the work week of June 22- June

28, 2014 for failing to provide the plaintiff with not even half of the hours prescribed by the contract, and already being in dishonor due a subsequent breach of a sub-agreement, *inter alia*, the plaintiff concluded it was a fair, lawful, and a proper conclusion to reach. The negligence to provide the plaintiff with his rightful hours and uphold the contract is clear, self-evident, confirmed by the plaintiff, and also shows a complete and total lack of any duty prescribed by an employer-agent relationship. When the new schedule for the work week was posted on June 21, 2014, and the plaintiff was only allotted a mere 3 hours, the defendant was given due notice immediately that they had failed to fulfill their end of the contract, along with being notified in a subsequent letter the following day that there existed no further performance on part of the plaintiff for that work week. After being notified (6/21/14) the defendant still negligibly failed to properly schedule the plaintiff for that week's schedule thus, the initiating charges are, but not limited to, breach of contract for failure to uphold the contract and negligence for a lack of duty and incompetence. The following week (June 28- July 5, 2014) the defendant again failed to schedule the plaintiff to his rightful work hours. Later, the defendant notified the plaintiff that he was not scheduled for work due to him failing to notify them by phone that he was not coming in for his 3 hour shift on June 26, 2014. This is of course complete and total non-sense; the plaintiff gave the defendant 4 days prior notice in writing, also the plaintiff had no phone communications available to him at the time.

*NOVUS ACTUS INTERVENIENS*

After the plaintiff sent the charges for breach of contract, inter alia, he was contacted by an agent of the defendant's, a Shelley Sweeney, Human Resource Generalist. The executive officer for the defendant and the plaintiff interchanged 3 key emails during the dates of June 25-26, 2014. In which the officer was told a day prior as well that the plaintiff did not have legal/lawful

obligation to perform on any future "Host" shifts, along with not having any phone service. The officer was also told in the second email that the plaintiff preferred that everything is "for-and-on-the-record", so that everything said/written would be understood as being fully liable. The following correspondence to the plaintiff was from the General Manager Nick, ordering the plaintiff to the restaurant, the date that was arranged was July 5, 2014 at 2:00 p.m.. That morning, on the 5th, the plaintiff was injured during a routine exercise before he was to meet with the defendant's agent. While at the restaurant the plaintiff was duress, coerced, and extorted into signing two false charges in order to receive what was already lawfully his rightful hours to the contract, of which the plaintiff signed as "duress" alongside his signature. From that meeting on the 5th of July, the plaintiff was scheduled for the upcoming week, because of his injury he had to switch one of the days for July 12, 2014. On the 12th, the night shift never arrived to work, were then the General Manager "Nick" imposed unwarranted and unlawful liability to the plaintiff by: force, extortion, duress, coercion and kidnapping. On July 19, 2014, the plaintiff had a mid-shift to Host at 4:00 p.m. when through a misunderstanding a situation occurred were the life of the plaintiff was threaten by one of the defendant's agents. After the threat of life, the defendant proceeded to damage the plaintiff further by unjustly suspending him without any merit or anything that resembled a fair investigation, and later wrongfully terminating the plaintiff with no substantive bases, motive, lawful excuse, and with prejudice.