IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02785-PAB

ALEJANDRO SILVEYRA, *pro se, sui juris*,

    Plaintiff,

v.

APPLE AMERICAN GROUP, LLC., et al., and
DAYMON INTERACTIONS et al.,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Proof of Jurisdiction [Docket No. 39] filed by plaintiff. Plaintiff filed his Proof of Jurisdiction in response to the Court's Order to Show Cause [Docket No. 37], which required plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

The Court construes the amended complaint as alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 29 at 3 ("This complaint suffices the controversy amount requirement of $75,000 for a diversity jurisdiction case."). Plaintiff does not disagree. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of*

*Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).

On February 9, 2015, the Court ordered plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction due to plaintiff's failure to sufficiently allege (1) plaintiff's citizenship, (2) the citizenship of defendant Apple American Group, LLC ("Apple American"), and (3) the citizenship of defendant Daymon Interactions Consumer Experience Marketing, Inc. ("Daymon"). Docket No. 37 at 3-5.

The Court first turns to plaintiff's citizenship. The Court's February 9 order noted that plaintiff's allegation that he is "under no political affiliation or citizenship of any kind," Docket No. 29 at 3, would appear to defeat diversity jurisdiction. Docket No. 37 at 3 (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983). The Court found that plaintiff had otherwise failed to establish his citizenship for jurisdictional purposes. *Id.* In response, plaintiff first argues that the Court misapplied *Kantor*. Docket No. 39 at 2. Plaintiff contends that, in *Kantor*, the Soviet government revoked the plaintiff's citizenship, which is different from the present case. Docket No. 39 at 2. Plaintiff does not explain why this difference is relevant or otherwise helps to establish plaintiff's citizenship. No relevance is apparent to the Court. Plaintiff argues that he "never said he did not have any 'citizenship' of a State, but only really that their exist, and being how, there is no *prima facie* proof of any sworn-out oath of alliance and/or *prima facie* proof of any protection from an State toward the plaintiff." Docket No. 39 at 3. Although plaintiff claims that his intent was not to disavow citizenship of a

state, the burden is on plaintiff to establish his citizenship, which he has failed to do. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("the party invoking federal jurisdiction bears the burden of proof"). Plaintiff asserts that he "was assigned a Mexican Nationality at birth." Docket No. 39 at 3. To the extent plaintiff's argument could be construed as asserting jurisdiction under § 1332(a)(2), plaintiff fails to allege sufficient facts upon which the Court can determine that he is a "citizen[] or subject[] of a foreign state." Although plaintiff's allegations suggest that he was born a citizen of Mexico, this is insufficient to establish his current citizenship. *See Raphael v. Hertzberg*, 470 F. Supp. 984, 986 (C.D. Cal. 1979) (ruling that naturalized United States citizen could not invoke § 1332(a)(2) by asserting that, prior to gaining United States citizenship, he was a citizen of the United Kingdom). Plaintiff's response is therefore insufficient to establish his citizenship for jurisdictional purposes.

Even if plaintiff successfully established his own citizenship, plaintiff falls short of establishing the citizenship of Apple American. The Court's order to show cause stated that, because plaintiff alleged that Apple American was a limited liability corporation ("LLC"), plaintiff was required to establish the citizenship of each of Apple American's constituent members. Docket No. 37 at 4. Plaintiff responds that Apple American is owned jointly by "Flynn Holdings" and the "Ontario Teachers' Pension Plan." Docket No. 39 at 1. Regarding Flynn Holdings, plaintiff asserts only that Greg Flynn is the founder and CEO of Flynn Holdings and that Mr. Flynn is a United States citizen. *Id.* Plaintiff does not indicate how Flynn Holdings is organized or who owns the entity. Moreover, in support of his assertion regarding Apple American's constituent entities, plaintiff relies upon a news article attached to his response, which states that "Flynn

3

Restaurant Group L.P." – not Flynn Holdings – is a part owner of Apple American. *Id.* at 4. Plaintiff does not explain whether Flynn Holdings and Flynn Restaurant Group L.P. are the same entity. In any event, the article indicates that Flynn Restaurant Group L.P. is a limited partnership with multiple members, *id.*, but plaintiff does not attempt to establish the citizenship of such members. *See Zambelli Fireworks Mfg. Co v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be") (internal quotation marks omitted). Plaintiff also attaches a printout from the California Secretary of State's website containing information regarding "Flynn Properties, Inc." *Id.* at 11. However, it is not clear how, if at all, Flynn Properties, Inc. is connected to Apple American, and plaintiff does not indicate the location of Flynn Properties, Inc.'s principal place of business. *See* § 1332(c)(1). Plaintiff also fails to provide information regarding the organization of the Ontario Teachers' Pension Plan sufficient to determine its citizenship. Plaintiff's response therefore fails to establish the citizenship of Apple American's constituent members.

Plaintiff has not shown cause sufficient to meet his burden of establishing his citizenship and the citizenship of Apple American.[1] As a result, the Court is without assurance that it has subject matter jurisdiction over this case. *See Cunningham*, 427 F.3d at 1245. For the foregoing reasons, it is

**ORDERED** that this case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

---

[1] As a result, the Court need not address whether plaintiff has established Daymon's citizenship.

DATED February 25, 2015.

                                BY THE COURT:

                                s/Philip A. Brimmer
                                PHILIP A. BRIMMER
                                United States District Judge